**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CONSTANCE S. ELLIS,**

         **Appellant,**

vs.                **5:12-cv-01803
                   (MAD)**

**NBT BANK, N.A.,**

         **Appellee.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF PETER A. ORVILLE**<br>30 Riverside Drive<br>Binghamton, New York 13905<br>Attorneys for Appellant | **PETER A. ORVILLE, ESQ.** |
| **GETNICK, LIVINGSTON LAW FIRM**<br>258 Genesee Street<br>Suite 401<br>Utica, New York 13502<br>Attorneys for Appellee | **PATRICK G. RADEL, ESQ.** |
| **OFFICE OF MARK W. SWIMELAR**<br>250 South Clinton Street<br>Suite 203<br>Syracuse, New York 13202<br>Attorneys for Trustee | **LYNN HARPER WILSON, ESQ.**<br>**MARK W. SWIMELAR, ESQ.** |

**MAE A. D'AGOSTINO, U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Currently before the Court is Appellant's motion for an order staying enforcement of an

order of the United States Bankruptcy Court entered on November 1, 2012 granting Appellee's

motion to dismiss the bankruptcy case with prejudice and for a temporary restraining order to stay a foreclosure proceeding. *See* Dkt. No. 3.

## II. BACKGROUND

Appellant owns four parcels of real property located in Onondaga County, New York. Appellee holds mortgages with respect to all four parcels. Appellant operated a dairy farm on the property. In 2008, Appellant began experiencing financial difficulties and defaulted on her farm loan payments. Appellee started a foreclosure action in November of 2009. On December 23, 2010, a Judgment of Foreclosure and Sale was granted in New York State court.

On February 11, 2011, the day before a foreclosure sale scheduled by Appellee, Appellant filed a Petition for Relief under Chapter 12 of the Bankruptcy Code. By operation of 11 U.S.C. § 362(d), Appellee's foreclosure action was stayed during the pendency of the bankruptcy case.

Bankruptcy proceedings filed under Chapter 12, 11 U.S.C. §§ 1201 *et seq.*, are intended for "family farmers" and "family fishermen" who propose a plan for reorganization that restructures debts and repays creditors over time. *See* 11 U.S.C. §§ 1221, 1222. The bankruptcy court will approve or "confirm" the reorganization plan only if certain statutory requirements are met. *See* 11 U.S.C. § 1225. One of the requirements is that the plan be "feasible," *i.e.*, the debtor must prove that he or she will be able to make the payments proposed as part of the reorganization. *See id.* § 1225(a)(6).

On July 3, 2012, the bankruptcy court issued a Memorandum-Decision and Order denying confirmation of Appellant's Chapter 12 plan and granting Appellee's motion for relief from automatic stay, thereby permitting Appellee to continue its foreclosure proceeding. *See In re Ellis*, 478 B.R. 132, 135 (Bankr. N.D.N.Y. 2012). The court found that Appellant failed to carry

her burden of establishing the plan's "feasibility" pursuant to 11 U.S.C. § 1225(a)(6). *See id.* at 140. On August 14, 2012, the Chapter 12 Trustee filed a motion to dismiss Appellant's first bankruptcy case. Appellant did not oppose the motion and her first bankruptcy case was dismissed by order of the bankruptcy court on September 21, 2012. *See* Dkt. No. 1-12 at Exhibit "D." Appellant did not appeal the bankruptcy court's decision denying confirmation of her Chapter 12 plan or the order dismissing that first bankruptcy action.

On September 26, 2012, one day before Appellee's rescheduled foreclosure sale, Appellant filed a second bankruptcy case. Appellee moved to dismiss the second bankruptcy action pursuant to 11 U.S.C. § 1208(c). *See* Dkt. No. 1-12. Appellant opposed the motion, arguing that she should be permitted to propose and pursue another reorganization plan based upon alleged changes in her financial circumstances.

In a ruling delivered from the bench on October 30, 2012, the bankruptcy court dismissed Appellant's second bankruptcy case. The bankruptcy court memorialized its decision in an order dated November 1, 2012. *See* Dkt. No. 3-2. In dismissing the second bankruptcy case, the bankruptcy court found that Appellant's invocation of the court's jurisdiction and the triggering of the automatic stay was an abuse of the bankruptcy process in that the "refiled case" constitutes an impermissible collateral challenge to the prior orders of the court from the first bankruptcy action. *See id.* at 2 (citations omitted). Moreover, the bankruptcy court noted that, if Appellant made a motion for a stay pending appeal, which is generally required to be made before the bankruptcy court, the court would deny the application. *See id.*

On December 7, 2012, Appellant filed this appeal challenging the bankruptcy court's dismissal of her second bankruptcy action. *See* Dkt. No. 1. On December 26, 2012, Appellant filed an emergency motion for a temporary restraining order, which Appellee has opposed. *See*

Dkt. Nos. 3, 7. In her motion, Appellant asks the Court for an order pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure staying the foreclosure proceeding pending the disposition of her appeal. *See* Dkt. No. 3-3 at 1.

## III. DISCUSSION

**A.    Standard of review**

In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law. *See In re Petition of Bd. of Directors of Hopewell Intern. Ins. Ltd.*, 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002) (citation omitted); Fed. R. Bankr. P. 8013.

Federal Rule of Bankruptcy Procedure 8005 governs motions to stay pending appeal of bankruptcy court orders. *See* Fed. R. Bankr. P. 8005. Although Rule 8005 generally requires a motion for such relief to be first presented to the bankruptcy court, the motion may be presented to the district court so long as it demonstrates "why the relief, modification, or termination was not obtained from the bankruptcy judge." *Id.*

The Second Circuit has established a four-pronged test for determining whether to grant a motion for a stay pending an appeal: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993); *accord In re Country Squire Assoc. of Carle Place, L.P.*, 203 B.R. 182, 183 (2d Cir. B.A.P. 1996) (citations omitted); *In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997). This standard has been routinely applied to a motion for a stay of an order of a bankruptcy court,

4

pending an appeal to the district court. *See, e.g., In re Rossi*, No. 08–MC–0081, 2008 WL 4519008, *1 (N.D.N.Y. Sept. 26, 2008); *In re Brunswick Baptist Church*, No. 05–CV–1085, 2007 WL 294087, *2 (N.D.N.Y. Jan. 25, 2007).

"Failure to satisfy one prong of this standard for granting a stay will doom the motion." *In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997); *accord In re Bijan–Sara Corp.*, 203 B.R. 358, 360 (2d Cir. B.A.P. 1996); *In re Deep*, 288 B.R. 27, 30, (N.D.N.Y. 2003) (citation omitted). As a result, "[t]he moving party must show 'satisfactory' evidence on all four criteria." *In re Bijan–Sara Corp.*, 203 B.R. at 360 (citation omitted); *accord In re Albert*, No. 99–31520, 2002 WL 1432663, *3 (Bankr. S.D.N.Y. June 20, 2002) (citation omitted).

**B.     Substantial possibility of success**

Pursuant to 11 U.S.C. § 1208, a Chapter 12 case may be dismissed for "cause." 11 U.S.C. § 1208(c). The statute provides a non-exhaustive list of circumstances that constitute "cause" for dismissing a case, including "unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors" and "denial of confirmation of a plan under section 1225 of this title and denial of a request made for additional time for filing another plan or a modification of a plan[.]" *Id.* § 1208(c)(1), (5). Moreover, a Chapter 12 case may be dismissed if the filing is considered to be an abuse of the bankruptcy process. *See In re Kennedy*, 181 B.R. 418, 419-20 (Bankr. D. Neb. 1995); *In re Beswick*, 98 B.R. 900, 902 (Bankr. N.D. Ill. 1989) (citations omitted).

In the present matter, the Court must consider the decision rendered by the bankruptcy court in Appellant's first Chapter 12 case (which was not appealed) to determine if Appellant has shown a substantial possibility of success in her appeal of the bankruptcy court's dismissal of her second Chapter 12 petition. In the first bankruptcy case, the bankruptcy court issued a

5

memorandum-decision and order denying plan confirmation which included the following findings: (1) Appellant's reorganization plan was "entirely speculative" and, therefore, did not satisfy the Bankruptcy Code's "feasibility" requirement; (2) Appellant had "more than a reasonable amount of time to construct a confirmable plan necessary for a successful reorganization;" (3) Appellant failed to make any payments to the Trustee as of fourteen months into the case; (4) the case was pending for more than one year; and (5) there was "no reasonable possibility of a successful reorganization within a reasonable time." *In re Ellis*, 478 B.R. at 139-41. As such, the bankruptcy court refused to approve Appellant's plan and permitted Appellee to proceed with foreclosure. *See id.* at 141. Thereafter, Appellant allowed her first bankruptcy case to be dismissed without opposition and did not appeal.

In the second bankruptcy case, which was filed five-days later, Appellant argued that her financial circumstances had changed and that she should be given an additional opportunity and more time to attempt bankruptcy reorganization. *See* Dkt. No. 1. In the order dismissing the second bankruptcy petition, the bankruptcy found that the "changes" in Appellant's circumstances could have been actively pursued by Appellant in the first bankruptcy case and that the second filing was an abuse of the bankruptcy process, which was, "in effect, an impermissible collateral challenge to the orders of this court in her prior case." *See* Dkt. No. 8-16 at 2. The court determined that Appellant's proper course of action was to appeal the decisions in the first action, not to file a second bankruptcy appeal arguing that she should be afforded more time to reorganize. *See id.* Further, the court noted that the first bankruptcy case was pending for nineteen months, that three successive plans were proposed, and that no plan was ever confirmed. *See id.* The court found that Appellant was given more than a reasonable amount of time to attempt to reorganize in the first bankruptcy proceeding. *See id.*

Having reviewed the parties submissions and the applicable law, the Court finds that Appellant has not established a substantial possibility of success on the merits of her appeal and, therefore, is not entitled to the stay pending appeal she seeks. As discussed, section 1208 allows the court to dismiss a case for "cause," which includes "unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors" and "denial of confirmation of a plan under section 1225 of this title and denial of a request made for additional time for filing another plan or a modification of a plan[.]" 11 U.S.C. § 1208(c)(1), (5). Dismissal of the first bankruptcy action after it had been pending for nineteen months, after Appellant had submitted three successive plans and the court held "numerous hearings" and an evidentiary hearing following which the court denied plan confirmation was not an abuse of discretion. *See In re Rice*, 357 B.R. 514, 519 (8th Cir. B.A.P. 2006) (holding that the bankruptcy court did not abuse its discretion dismissing the debtor's Chapter 12 case where the "debtors failed to create a workable plan despite three chances, eight months, and the help of the court"); *In re Novak*, 934 F.2d 401, 403-04 (2d Cir. 1991).

Moreover, the bankruptcy court's decision dismissing the second bankruptcy petition as an abuse of the bankruptcy process and an impermissible collateral challenge to the dismissal of the predecessor case was not improper. Appellant failed to demonstrate, with substantive evidence, that her changed circumstances were not available to her during the first bankruptcy proceeding or that they would make any new amended plan feasible. Moreover, Appellant failed to appeal the bankruptcy court's decision denying confirmation of her proposed plan and eventual dismissal of her first bankruptcy petition. Instead, Appellant filed a second Chapter 12 action five days after the bankruptcy court's order dismissing the first action and one day before Appellee's rescheduled foreclosure sale. As the bankruptcy court correctly found, the filing of the second

7

bankruptcy action was an abuse of the judicial process and an impermissible collateral challenge to the orders of the bankruptcy court in the first Chapter 12 case. *See In re Kennedy*, 181 B.R. at 419-20 (holding that it "would constitute an impermissible collateral challenge to Bankruptcy Judge Mahoney's order to permit the debtor to proceed in a serial Chapter 12 bankruptcy case de novo, within four days of dismissal of the predecessor case . . ." and that "the filing of this [second] bankruptcy case constitutes an abuse of the judicial and bankruptcy process").

In *In re Beswick*, the Chapter 12 debtors second amended plan was denied confirmation following an evidentiary hearing and their case was dismissed. *See In re Beswick*, 98 B.R. at 901. Less than one month after the first case was dismissed, the debtors filed another bankruptcy action. *See id.* at 902. Dismissing the second case, the court noted that "[b]y refiling a second case, rather than taking an appeal in the first case, the Debtors [were] circumventing the appeal process." Moreover, the court held that,

> [i]n the present case, the circumstances warrant the finding that the second Chapter 12 case was not filed in good faith. The Debtors' actions involve several of the "badges" considered by the courts to indicate a lack of good faith. The first Chapter 12 was filed just before a hearing was to be held on Clinton's Complaint to Foreclose its mortgage in state court. That fact, standing alone, would not constitute a lack of good faith; but the Debtors were then granted the opportunity, over more than a year, to present a Plan of Reorganization that met the confirmation requirements of Chapter 12, and they failed to do so. Indeed, the Debtors were granted additional time to file a third Amended Plan, but chose not to do so. Then, after the case was dismissed, and after Deere and Clinton proceeded with actions in state court to recover their collateral, the Debtors obtained new counsel and filed another Chapter 12, thereby imposing additional delays.

*Id.* at 903.

In the present matter, as in *Kennedy* and *Beswick*, the bankruptcy court properly found that Appellant's second Chapter 12 petition was an impermissible collateral attack to the decisions

8

rendered in the first bankruptcy case and that it amounted to an abuse of the bankruptcy process. *See id.*

Based on the foregoing, the Court finds that Appellant has failed to establish a substantial possibility of success on the merits of her appeal; and, therefore, the Court denies Appellant's motion for a stay pending resolution of her appeal.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Appellant's motion for stay pending appeal (Dkt. No. 3) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 11, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge